# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1008 | **DATE** | 10/10/2002 |
| **CASE TITLE** | Wojak vs. Home Equity Savers, Ltd et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/16/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant in part defendant's motion (Doc 24-1) to dismiss and deny it in part. Count III is dismissed as to all defendants. Count V is dismissed as to Rattner and Weiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 11 2002 date docketed | |
| | Notified counsel by telephone. | | | 27 |
| | Docketing to mail notices. | | G.Y. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 10/10/2002 date mailed notice | |
| SCT courtroom deputy's initials | | Date/time received in central Clerk's Office | SCT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
OCT 1 1 2002

KATHERINE WOJAK, )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
vs. ) 02 C 1008
　　　　　　　　　　　　　　　　)
HOME EQUITY SAVERS, LTD.; MITCHELL )
RATTNER; and MARIANN WEISS, )
　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion by Defendants Home Equity Savers, Ltd. ("HES"), Mitchell Rattner, and Mariann Weiss to dismiss the Amended Complaint ("Complaint") in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below we grant the motion in part and deny it in part.

## BACKGROUND

Because this is a motion to dismiss, we accept all well pleaded facts and allegations in the Complaint as true and draw all reasonable inferences in a light most



favorable to Plaintiff Katherine Wojak. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Ms. Wojak lives in a home at 3149 Belwood Lane in Glenview, Illinois. In late 1999, she was in dire need of $11,242.45 to redeem her home, which had been sold for taxes. Her home was worth about $200,000. HES is a corporation that solicits business from people in danger of losing their homes. HES initiated contact with Ms. Wojak in a letter (the "Letter"), which described HES's business in part as follows:

> Home Equity Savers, Ltd. have been assisting homeowners in saving their properties for more than seven years, regardless of their credit status. We have many creative financing options available and we customize to fit your needs. We have helped hundreds of people in your position, and we can help you too.

Complaint at Ex. A, Letter.

On November 13, 1999, HES and Ms. Wojak executed a contract (the "Contract"). Pursuant to the Contract, Ms. Wojak deeded her home to HES and became obligated to make $300 monthly payments until she repurchased her home from HES. Complaint at Ex. B, Contract ¶¶ 2, 3, and 4a. In return, HES paid off the $11,242.45 in sold taxes and granted her the right to repurchase her home within twenty-four months for $11,242.45 (plus HES's out of pocket expenses ("Expenses"), which are unimportant to this case). *Id* ¶ 4(i). The Contract further stated that if she did not repurchase her home within the twenty-four month window, HES could sell the

home to a third party and pocket ten percent of the proceeds (approximately $20,000) for itself. Complaint at Ex. B, Contract ¶ 7(a).

Ms. Wojak paid all the monthly installments but was unable to tender the $11,242.45 and Expenses required to repurchase her home before her right to repurchase expired under the terms of the written Contract. Just before expiration of the twenty-four months, HES allegedly agreed to permit Ms. Wojak to repurchase her home two months later if she made two additional $300 monthly payments in the meantime. Ms. Wojak paid the two additional monthly payments and then repaid the $11,242.45 and Expenses to repurchase her home. At or around that time, HES demanded, in addition to the $11,242.45 and Expenses, about $20,000 representing the amount HES stood to gain if it sold the home to a third party under paragraphs 6 and 7 of the Contract.

On February 11, 2002, Ms. Wojak filed this action against HES and HES owners and officers, Mr. Rattner and Ms. Weiss. The Complaint asserts five causes of action: (1) violation of the Truth in Lending Act, 15 U.S.C. 1601 *et seq.* ("TILA"); (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (the "Consumer Fraud Act"); (3) violation of the Illinois Interest Act, 815 ILCS 205/4.1a (the "Interest Act"); (4) slander of title under Illinois tort law; and (5)

and violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a) ("ECOA"). Defendants move to dismiss the entire Complaint.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). With these principles in mind, we now address the motion before us.

## DISCUSSION

I. Truth in Lending Act

Ms. Wojak's first cause of action is for violation of TILA. HES moves to dismiss the TILA claim as not applying to the underlying facts because (1) the arrangement between HES and Ms. Wojak was not a loan secured by a mortgage and (2) HES is not a creditor.

HES maintains that the Contract provided for transfer of ownership with an option to repurchase, which is different than a loan secured by a mortgage. In determining whether or not this arrangement was really a mortgage, we look to Illinois state law. *See Redic v. Watts Realty Co.*, 762 F.2d 1181, 115-86 (4th Cir. 1985) (applying North Carolina law "for determining whether a conveyance with an option to repurchase represents a true sale or merely a loan with a security interest" for TILA purposes). An Illinois statute is directly on point:

> 905/5. Constructive mortgage
> § 5. Every deed conveying real estate, which shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage.

765 ILCS 905/5. Thus, the warranty deed Ms. Wojak conveyed to HES is capable of being a mortgage for TILA purposes. Whether or not it will be treated as a mortgage depends on several factors such as the existence of an indebtedness, the circumstances surrounding the transaction, the disparity of the situations of the parties, the lack of legal assistance, the unusual type of sale, the inadequacy of consideration, the way the consideration was paid, the retention of the written evidence of the debt, an agreement to repurchase, and the continued exercise of ownership privileges and responsibilities by the seller. *See McGill v. Biggs*, 434 N.E.2d 772, 774 (Ill. App. Ct. 1982) (applying predecessor Illinois statute containing the exact language of 765 ILCS 905/5). Clearly, there is a set of circumstances possible under which Ms. Wojak could prove that the

warranty deed was really a constructive mortgage. For the same reasons, there is a set of circumstances under which Ms. Wojak could prove that HES is a creditor.

II.  Consumer Fraud Act

Ms. Wojak's second count asserts a state law cause of action under the Illinois Consumer Fraud Act. The statute forbids:

> [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described [815 Ill. Comp. Stat. § 510/2] in the conduct of any trade or commerce . . ..

815 ILCS 505/2. To establish liability under the Consumer Fraud Act, a "plaintiff must show '(1) a deceptive act or practice; (2) an intent by the defendant that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving a trade or commerce.'" *Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir. 1997) (quoting *Perona v. Volkswagen of America, Inc.*, 658 N.E.2d 1349, 1352 (Ill. App. Ct. 1995)). Additionally, the pleading "with particularity" requirement of Rule 9(b) of the Federal Rules of Civil Procedure applies to actions under the Consumer Fraud Act. *See Ho-Chunk Nation v. J.C. Penney Co., Inc.*, 1999 WL 495899 (N.D. Ill. 1999).

In their motion to dismiss Ms. Wojak's Consumer Fraud Act claim, Defendants do not argue that Ms. Wojak fails to comply with Rule 9(b)'s raised pleading requirements. Defendants move to dismiss the claim on the grounds that it alleges facts actionable only under a breach of contract theory. Defendants argue that Ms. Wojak is "attempting to turn a garden-variety breach of contract claim into a Consumer Fraud Act claim." Defendants' Memorandum at 5. In support of this argument, however, Defendants address only one of the four alleged acts and omissions, which Ms. Wojak claims are actionable under the Consumer Fraud Act, and rely on case law that is not applicable to the circumstances.

Ms. Wojak complains of four acts and omissions that allegedly violate the Consumer Fraud Act: (1) "Defendants induced plaintiff to enter into a credit obligation without complying with TILA"; (2) "Defendants charged plaintiff an unconscionable rate of interest without disclosing what it was"; (3) "Defendants concealed from plaintiff her right to rescind the contract"; and (4) "HES failed to disclose to plaintiff, at the time it entered into the extension agreement, that it intended to demand payment of the 10%" of the market value of the house. Complaint ¶¶ 33 and 37. Despite these four allegations, Defendants state that the Consumer Fraud Act claim is "based on the *single allegation* that [HES] orally agreed to allow [Ms. Wojak] an additional two

months to make the required payment in order to exercise the option." Defendants' Memorandum at 5 (emphasis added).

While failing to acknowledge the true extent of the allegations, Defendants argue that Ms. Wojak has nothing more than a breach of contract claim. We disagree. Ms. Wojak has argued three statutory violations under TILA, which allegedly deceived her into forming and not rescinding the Contract in the first place. The allegations also demonstrate Defendants' exploitation of Ms. Wojak's predicament. With respect to the oral agreement to extend the Contract, Ms. Wojak does not allege simply a breach of that oral agreement. She alleges that Defendants tricked her into triggering the ten percent penalty in the original Contract at a cost to her of approximately $20,000.

Defendants cite *Central Diversey M.R.I. Center, Inc. v. Medical Management Sciences, Inc.*, (N.D. Ill. 1996), as requiring Ms. Wojak to demonstrate a "consumer nexus" between the alleged acts and consumer protection concerns. Defendants' Memorandum at 5 (citing *Central Diversey*, 952 F. Supp. 575). The "consumer nexus" requirement is an exception that is entirely irrelevant to the case before us. *See Lefebvre Intergraphics, Inc. v. Sanden Machine Limited*, 946 F. Supp. 1358, 1368 (N.D. Ill. 1996) (explaining that the consumer nexus requirement is only applicable to Consumer Fraud Act suits brought "by a business that is not a consumer of the other business's products."). Thus, Ms. Wojak need not plead or prove a consumer nexus.

Rattner and Weiss further move to dismiss the Consumer Fraud Act claim as to them on the basis that since there is a corporate defendant, they cannot be individually liable. We disagree. Ms. Wojak is not trying to hold Rattner and Weiss liable for HES' actions (i.e. by piercing HES's corporate veil). Ms. Wojak seeks to hold Rattner and Weiss liable for their own actions. "Section 10(a) of the Consumer Fraud Act states that those damaged by violations of the Act may sue 'any person' who violates the Act." *Garcia v. Overland Bond & Inv. Co.*, 668 N.E.2d 199, 207 (Ill. App. Ct. 1996) (reversing trial court's dismissal of Consumer Fraud Act claim as to general manager of co-defendant company). Furthermore, Section 1(c) of the Consumer Fraud Act defines the term 'person' to include, among other things, any employee, officer, or stockholder. 815 ILCS 505/1(c); *see also Garcia*, 688 N.E.2d at 207 (finding that general manager of co-defendant company can be individually liable after noting that Section 1(c) of the Consumer Fraud Act defines person to include 'employees'). The Consumer Fraud Act authorizes the claims against Rattner and Weiss as officers and stockholders of HES. Moreover, Ms. Wojak's allegations of Rattner and Weiss are legally sufficient.

III. Illinois Interest Act

Ms. Wojak's third count asserts a state law cause of action under the Illinois Interest Act. The Interest Act specifically states: "It is lawful to charge, contract for,

and receive any rate or amount of interest or compensation with respect to the following transactions: . . . (l) Loans secured by a mortgage on real estate." 815 ILCS 205/4(1)(l). Either the arrangement between Ms. Wojak and HES was a sale of her home coupled with a right to repurchase it, or the arrangement was a loan secured by a mortgage on real estate. Either way, there cannot be any liability under the Interest Act under the exclusion cited above.

IV. Slander of Title

Ms. Wojak's fourth count asserts a slander of title cause of action against Defendants. Defendants move to dismiss the count on the basis that Ms. Wojak has no standing to sue because she has no ownership interest in the home. We have already stated that, under Illinois law, the purported transfer of ownership to HES may be deemed a constructive mortgage. Thus, Ms. Wojak does have standing to sue for slander of title.

Rattner and Weiss further move to dismiss the slander of title claim as to them on the basis that since there is a corporate defendant, they cannot be individually liable. In Illinois, the general rule is that "corporate employees are not vicariously liable for tortious acts of the corporation in which they do not participate." *Garcia*, 668 N.E.2d at 206. A corporate employee, however, can be held liable "if he actively participates

in the wrongdoing." *Id.* Since Ms. Wojak has alleged active participation by Rattner and Weiss in slandering her title, they cannot be dismissed from the cause of action.

V.   Equal Credit Opportunity Act

HES, Rattner, and Weiss move to dismiss Ms. Wojak's ECOA claim on the same grounds as HES sought to dismiss the TILA claim. We deny the motion with respect to ECOA for the same reasons as we denied the motion with respect to TILA.

Rattner and Weiss further move to dismiss the ECOA claim as to them on the basis that since there is a corporate defendant, they cannot be individually liable. Count V of the Complaint alleges that "HES, Rattner and Weiss intentionally and maliciously filed a baseless counterclaim . . . ." Complaint ¶ 53. Because the counterclaim was actually only filed by HES, we dismiss Count V as to Rattner and Weiss.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss in part and deny it in part. Count III is dismissed as to all Defendants. Count V is dismissed as to Rattner and Weiss.

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated:   October 10, 2002